# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| W6 RESTAURANT GROUP, LTD et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISABELLA CASILLAS GUZMAN et al., <br><br> Defendants. | Case No. 1:21-cv-2361 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
## FOR A TEMPORARY RESTRAINING ORDER

This case concerns the Small Business Administration's (SBA) implementation of the Restaurant Revitalization Fund, a $28.6 billion dollar fund that Congress included in the American Rescue Plan Act to help restaurants negatively impacted by the COVID-19 pandemic. The statute directed SBA to prioritize applications from businesses owned by women, veterans, and socially-and-economically-disadvantaged individuals for the first twenty-one days of the Fund's operation. *See* Pub. L. No. 117-2, § 5003(c)(3), 135 Stat. 4, 85-90 (2021). SBA began processing and awarding grants on May 3, 2021, so the priority period ran until May 24, 2021. Contemporaneously, businesses owned by non-priority applicants brought litigation challenging the constitutionality of the priority period. The Sixth Circuit ultimately deemed the priority period unconstitutional and ordered SBA to fund the challengers' "application[s], if approved, before all later-filed applications, without regard to processing time or the applicants' race or sex." *Vitolo v. Guzman*, 999 F.3d 353, 366 (6th Cir. 2021); *accord Blessed Cajuns LLC v. Guzman*, No. 4:21-677, Slip Op. at 11 (N.D. Tex. May 28, 2021) (ECF No. 18) (ordering SBA to "process[] and consider[]" RRF applications "in accordance with a race-neutral, sex-neutral 'first come, first served' policy"). So—in view of the end of the priority period and these court orders—SBA temporarily paused processing of priority applications until SBA could process earlier-filed, non-priority applications. By June 30, 2021, SBA had obligated all of the $28.6 billion and

closed the Fund. *See* Ex. 1, John A. Miller Declaration ¶¶ 3–9 [hereinafter Miller Decl.].

The plaintiffs are fourteen businesses who submitted nonpriority applications for RRF relief. In July 2021, they filed a complaint seeking damages under the implied cause of action created by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 1. Earlier this month, they amended their complaint to add an equal-protection claim against SBA and various SBA employees in their official capacity. *See* ECF No. 30. (The plaintiffs have yet to perfect service of this amended complaint on the new defendants in compliance with Rule 4.)

This morning, the plaintiffs moved for a temporary restraining order (TRO). *See* ECF No. 34. Citing a July 2022 report by the Government Accountability Office (GAO), the plaintiffs claim that $180 million remains in the RRF to be distributed and ask the Court to issue an injunction "order[ing SBA] to treat all applicants on a first-come, first-serve basis." ECF No. 34-1 at 10.

A TRO is "one of the most drastic tools in the arsenal of judicial remedies," *ACLU of Ky. v. McCreary Cnty.*, 354 F.3d 438, 444 (6th Cir. 2003), so it is "never awarded as of right," *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citation omitted). Rather, movants must clearly establish (1) that they have a substantial likelihood of success on the merits; (2) that they will suffer irreparable harm without an injunction; (3) that the balance of equities tips in their favor; and (4) that an injunction serves the public interest. *Thompson v. DeWine*, 976 F.3d 610, 615 (6th Cir. 2020).

Here, the plaintiffs fail to meet their burden on each front of this test for one reason: the priority period is over, and—as the attached declaration explains—SBA will not take priority status into account when issuing any new RRF awards. *See* Miller Decl. ¶ 11. In other words, the plaintiffs are merely seeking an injunction ordering SBA to follow the law. But "[t]he Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders." *Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 410 (6th Cir. 2016) (second alteration in original) (quoting *Swift & Co. v. United States*, 196 U.S. 375, 401 (1905)); *see also id.* at 411 (collecting cases showing that "[m]ost of the circuits that have addressed" "requests for injunctions that compel nothing more than obedience to existing law" "have adopted a rule against them"). The Court should reject the plaintiffs' TRO motion on that basis alone.

Despite the expiration of the priority period (over a year ago), the plaintiffs claim that they are likely to succeed on the merits based on the unsupported allegation that SBA will continue to prioritize certain applicants. *See* ECF No. 34 at 2 (asserting that the plaintiffs "have reason to believe that the SBA will continue to distribute the RRF funds contrary to the Sixth Circuit's decision in *Vitolo*"). If the plaintiffs had made this allegation in their amended complaint, it would be too conclusory to merit a presumption of truthfulness; in a TRO motion, considered against a declaration signed by a government official under penalty of perjury, it cannot withstand scrutiny. Rather, this Court should follow the Eastern District of Tennessee, which previously refused to issue an injunction functionally identical to the one these plaintiffs seek:

> [N]ow that the twenty-one-day priority period has expired, the Government is (1) processing non-priority applications *** in a sequential order[.] *** Accordingly, there is no need for an order enjoining the Government to fund *** grant applications, if approved, before all later-filed applications, without regard to processing time or the applicants' race or sex.' SBA is already processing *** applications without regard to race or sex, so an injunction would not affect the rights of the litigants because the issues presented are no longer live.

*Vitolo v. Guzman*, No. 3:21-176, Slip Op. at 5-6 (E.D. Tenn. June 10, 2021) (ECF No. 44) (cleaned up). As that Court observed, because the priority period has already expired, the plaintiffs will not succeed on the merits.

The expiration of the priority period also means that the plaintiffs do not face irreparable harm, and that the balance of the equities and the public interest tip decisively in the government's favor. If anything, the plaintiffs' requested injunction would serve to frustrate SBA's implementation of the American Rescue Plan Act. So the only people that would be harmed are the public and the small businesses who stand to benefit once the SBA is able to distribute the remaining RRF money.

\* \* \*

For these reasons, the Court should deny the plaintiffs' request for a temporary restraining order.

3

Dated: August 26, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

*/s/ Kevin Wynosky*
Kevin Wynosky (PA Bar No. 326087)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Rm. 12400
Washington, DC 20005
(202) 616-8267
Kevin.J.Wynosky@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On August 26, 2022, I electronically submitted this document to the clerk of court of the U.S. District Court for the Northern District of Ohio using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>/s/ *Kevin Wynosky*</u>
Kevin Wynosky (PA Bar No. 326087)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Rm. 12400
Washington, DC 20005
(202) 616-8267
Kevin.J.Wynosky@usdoj.gov

*Attorneys for Defendants*