UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W6 RESTAURANT GROUP, LTD | : | CASE NO. 1:21-CV-02361 |
| DBA Barley House | : | |
| 1261-65 West 6th St. | : | JUDGE BRIDGET MEEHAN BRENNAN |
| Cleveland, OH 44113 | : | |
| | : | |
| and | : | |
| | : | |
| 1909 W25, LLC | : | |
| DBA TownHall Cleveland | : | |
| 1909 W 25th Street | : | |
| Cleveland, OH 44113 | : | |
| | : | |
| and | : | |
| | : | |
| 2125 CAFÉ, LLC | : | |
| DBA Green Goat Café Bar | : | |
| 2125 Superior Ave, East | : | |
| Cleveland, OH 44115 | : | |
| | : | |
| and | : | |
| | : | |
| TH CBUS, LLC | : | |
| DBA TownHall Columbus | : | |
| 792 North High Street | : | |
| Columbus, OH 43215 | : | |
| | : | |
| and | : | |
| | : | |
| 100 E. CENTRAL BOULEVARD, LLC | : | |
| DBA Stagger Inn | : | |
| 100 East Central Blvd. | : | |
| Orlando, FL 32801 | : | |
| | : | |
| and | : | |
| | : | |
| BISTECCA CORPORATION | : | |
| DBA Parma Heights Harry Buffalo | : | |
| 6425 Pearl Road | : | |
| Parma Heights, OH 44130 | : | |
| | : | |
| and | : | |
| | : | |

Exhibit A

HB CHURCH STREET, LLC                    :
DBA Harry Buffalo                        :
129 W. Church St.                        :
Orlando, FL 32801                        :
                                         :
and                                      :
                                         :
HHHB, LLC                                :
DBA Harry Buffalo                        :
5604 Wilson Mills Road                   :
Highland Heights, OH 44143               :
                                         :
and                                      :
                                         :
JSJ KLUB, LLC                            :
DBA Harry Buffalo                        :
2120 E. 4th Street                       :
Cleveland, OH 44115                      :
                                         :
and                                      :
                                         :
MGG HOSPITALITY, LLC                     :
DBA Rebol                                :
101 W. Superior Ave.                     :
Cleveland, OH 44113                      :
                                         :
and                                      :
                                         :
STAR BAR & GRILL, INC.                   :
DBA Harry Buffalo Westfield              :
3619 Midway Mall Unit B20                :
Elyria, OH 44035                         :
                                         :
and                                      :
                                         :
THE OTHER BAR, LLC                       :
DBA The Other Bar                        :
18 Wall Street Plaza                     :
Orlando FL 32801                         :
                                         :
and                                      :
                                         :
MANDRAKE COLUMBUS, LLC                   :
DBA TownHall Rooftop                     :
810 North High Street                    :
Columbus, OH 43215                       :

|  | : |
| and | : |
|  | : |
| WESTERVILLE RESTAURANT | : |
| GROUP, LLC | : |
| DBA Harry Buffalo | : |
| 6150 Sunbury Rd., Unit A | : |
| Columbus, OH 43081 | : |
|  | : |
| and | : |
|  | : |
| SUMMER HOUSE, LLC | : |
| DBA Summer House | : |
| 12900 Lake Avenue | : |
| Lakewood, Ohio 44107 | : |
|  | : |
| Plaintiffs, | : |
|  | : |
| v. | : |
|  | : |
| ISABELLA CASILLAS GUZMAN, | : |
| in her official capacity as | : |
| Administrator of the Small | : |
| Business Administration, | : |
| 409 3rd St. SW | : |
| Washington, D.C. 20416 | : |
|  | : |
| and | : |
|  | : |
| JOHN A. MILLER, | : |
| in his official capacity as | : |
| Deputy Associate Administrator | : |
| For Capital Access of the Small | : |
| Business Administration, | : |
| 409 3rd St. SW | : |
| Washington, D.C. 20416 | : |
|  | : |
| and | : |
|  | : |
| THE SMALL BUSINESS | : |
| ADMINISTRATION | : |
| 409 3rd St. SW | : |
| Washington, D.C. 20416 | : |
|  | : |
| Defendants. | : |

## SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. Rule 15(a)(2), Plaintiffs 100 E. Central Boulevard, LLC dba Stagger Inn ("Stagger Inn"), 1909 W25, LLC dba Town Hall Ohio City ("Town Hall"), 2125 Cafe, LLC dba Green Goat ("Green Goat"), TH CBUS, LLC dba Town Hall Columbus ("Town Hall Columbus"), Bistecca Corporation dba Parma Hts. Harry Buffalo ("Harry Buffalo"), HB Church Street, LLC dba Harry Buffalo Orlando ("Harry Buffalo Orlando"), HHHB, LLC dba Highland Heights Harry Buffalo ("Highland Heights Harry Buffalo"), JSJ Klub, LLC dba E.4th Harry Buffalo ("E.4th Harry Buffalo"), MGG Hospitality, LLC dba Rebol Cleveland ("Rebol"), Star Bar & Grill, Inc. dba Harry Buffalo ("Star Grill"), The Other Bar, LLC ("The Other Bar"), W6 Restaurant Group, LTD, dba Barley House ("Barley House"), Mandrake Columbus, LLC dba Town Hall Rooftop ("Town Hall Rooftop"), and Westerville Restaurant Group, LLC dba Harry Buffalo ("Westerville Harry Buffalo"), and Summer House, LLC dba Summer House ("Summer House") (collectively, "Plaintiffs") respectfully amend the Complaint. Pursuant to Fed. R. Civ. P. 21, the Small Business Administration is added as a new party defendant. Defendants Isabella Casillas Guzman and John A. Miller are represented by counsel. The Plaintiffs have requested leave from this Court to file their Second Amended Complaint.

For their Second Amended Complaint, Plaintiffs aver, plead, and state as follows:

## NATURE OF ACTION

1.      This action is based upon the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, ("APA"), seeking emergency federal financial assistance unlawfully withheld by Defendant Small Business Administration ("SBA"), its administrator, Defendant Isabella Casillas Guzman ("Guzman"), acting in her official capacity, and its deputy associate administrator of Capital Access, Defendant John A. Miller ("Miller"), acting in his official capacity. The SBA, Guzman, and Miller are collectively referred to as "Defendants."

2.     Congress created the Restaurant Revitalization Fund ("RRF") as part of the American Rescue Plan Act of 2021 ("ARPA"), Pub. L. No. 117-2 § 5003, 135 Stat. 4 (2021); 15 U.S.C. § 9009c, to provide emergency financial assistance to eligible restaurants and other food and drink businesses impacted by the global COVID-19 pandemic.  The RRF is administered and distributed by the Defendants.

3.     The Plaintiffs applied to the SBA for RRF awards within the first few minutes that applications were accepted, and demonstrated their eligibility.  The SBA distributed RRF awards unconstitutionally by giving preference to businesses owned by women and minorities. The Court of Appeals for the Sixth Circuit held that SBA's distribution of RRF awards was unconstitutional and violated the Fifth Amendment of the United States Constitution.

4.     Under ARPA, the statute creating the RRF requires the SBA to award RRF grants to eligible entities in the order in which applications were received by Guzman, but the SBA has disregarded that statutory mandate and, on information and belief, the Defendants awarded RRF grants to entities that applied after the Plaintiffs.

5.     In July 2022, the U.S. Government Accountability Office ("GAO"), which under the CARES Act is responsible for monitoring federal efforts to respond to the COVID-19 pandemic, issued a report (hereinafter identified as the "July 2022 GAO Report").  *See* U.S. Gov't Accountability Off., GAO-22-105442, Restaurant Revitalization Fund: Opportunities Exist to Improve Oversight (2022).

6.     First, the July 2022 GAO Report provided notice that the SBA is holding $180 million of unobligated and not yet distributed.  So there remains RRF funds to be distributed.

7.     Second, it reported on funds distributed, timing of those distributions, and other statistical information concerning the distributions.  Notably, only 14% of RRF applicants who

applied on the first day of SBA accepting applications remain unfunded.  The majority of RRF applicants who applied on the first day, much less applicants who applied within minutes of the SBA accepting applications, were funded.

8.     Third, the GAO identified substantial flaws with the SBA's design and execution of pre and post award controls.[1]  *Id.* at pp. 10-55.  The flaws identified by the GAO are significant as they relate to, among other things, award recipients being ineligible, the SBA failing to proactively identify and promptly respond to awards based on fraudulent and other suspicious activity.  *Id.*

9.     Fourth, the SBA does not require RRF recipients to report operating status – information that relates directly to fund recoverability.  ARPA explicitly mandates the return of RRF grant funds if a recipient permanently closed during the program period before expending their entire award and there remains unused funds.  15 U.S.C. § 9009c(c)(6).  The SBA has no processes or procedures to recover such funds.

10.     Moreover, to monitor that RRF grant recipients spend awards on eligible expenses, SBA developed an annual reporting form.  RRF program guidance states that recipients must submit the reports annually until they have spent their entire award, or by March 11, 2023 when the program ends (whichever comes first).  The deadline to submit the final use of fund reports is April 30, 2023.[2]  The reporting form states that is a recipient fails to meet

---

[1] The deficiencies include: (1) the SBA failing to fully leverage data from its other COVID-19 relief programs, resulted in number of fraudulent awards; (2) SBA awarded RRF funds to ineligible businesses that were not entitled to receive funding; (3) SBA failed to fully verify an applicant's reported affiliations; (4) SBA failed to assess pre-award controls; (5) SBA has limited post-award controls for identifying fraudulent and ineligible recipients; (6) SBA failed to enforce compliance with reporting requirements or collected information on recipient operating status; (7) the SBA failed to use data analytics to proactively identify fraudulent awards; (8) SBA has not fully leveraged enforcement information; and (9) SBA does not have a plan to act on or respond promptly to potential fraudulent or suspicious awards.
[2] Recipients must report award use for the following categories of eligible expenses (based on ARPA): (1) payroll (including paid sick leave); (2) rent or mortgage payments; (3) utilities; (4) debt service; (5)

reporting deadlines, SBA may require the return of some or all of the RRF funds.  The SBA has no mechanism, policies, or procedures to enforce compliance with its own annual reporting requirement.

11.    ARPA explicitly directs the SBA to award RRF grants to eligible entities in the order in which they are received.  Moreover, the statute explicitly mandates that unused RRF grant funds be retuned in certain situations.  The SBA has not only failed to abide by the explicit language set forth in statute, but also failed to develop and implement policies to recover funds that are mandated by the statute to be recovered.

12.    Further, the failure to have and enforce proper polices to effectuate the statute, likely will mean that the available funding will be exhausted before the SBA resolves the Plaintiffs' applications and the businesses may not receive a grant regardless of their eligibility.

13.    The COVID-19 pandemic has had a devastating impact on the Plaintiffs, forcing a reduction of workforce and severely reducing revenue.  Plaintiffs need the RRF grant for precisely the reasons Congress created the RRF: to help them get back on solid footing, rebuild their workforce, and revitalize the businesses.

14.    Plaintiffs have amended their lawsuit to include direct claims against the SBA and its administrators, Guzman and Miller, under the APA, compelling the Defendants to: (i) determine the Plaintiffs' eligibility; (ii) award Plaintiffs the RRF grants for which they applied, according to the order in which they applied; (iii) enforce the provisions of ARPA that mandate RRF grants funds in certain situations be returned to the Treasury; (iv) develop and implement policies for the return of grant funds from those who procured them fraudulently or are otherwise ineligible; (v) use the returned funds to award eligible RRF grant recipients in the

---

construction of outdoor seating; (6) maintenance; (7) supplies; (8) food and beverage (including raw materials); (9) covered supplier costs; and (10) business operating expenses.

order in which they applied.  Additionally, based upon its previous distribution, which accounts for the majority of the RRF grants being depleted, albeit unconstitutionally, the Defendants should be compelled to: (i) publically disclose the revised distribution criteria; and (ii) the methodology for determining the order of distribution.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction over this action pursuant to 28 USC § 1331 because it presents federal questions under the APA.

16.     Venue is appropriate in this district under 28 U.S.C. § 1391(e)(1).  A substantial part of the events giving rise to this claim occurred in this district and a substantial part of the property subject to this action is situated in this district.

17.     This Court has authority to issue injunctive relief and specific relief under 5 U.S.C. §§ 702, 705, 706, and *Bowen v. Massachusetts,* 487 U.S. 879, 108 S. Ct. 2722 (1988).

## THE PARTIES

18.     Plaintiff Barley House is located in the Cleveland Warehouse District.  Barley House offers American cuisine and is the best nightclub in the City of Cleveland.

19.     Plaintiff Stagger Inn is an American Country Bar located in the heart of Downtown Orlando.  Stagger Inn offers country music & dancing in an unfussy local watering hole with a standard range of drinks.

20.     Plaintiff Town Hall is located in Ohio City.  Town Hall offers a full-service restaurant and bar.  The food offerings are locally sourced and Town Hall offers innovative bar bites and vegan options served in a contemporary setting with patio.  Town Hall also offers an urban café that offers fresh juice and espresso.

21.     Plaintiff Town Hall Columbus is located in the Short North.   Town Hall Columbus is the healthiest restaurant in the country.   Town Hall Columbus offers health-conscious fare, homemade juices, and a full-service bar offering craft beers.

22.     Plaintiff Harry Buffalo is located in Parma Heights, Ohio.   Harry Buffalo is a restaurant and sports bar chain serving new American fare, bison burgers, and more in a lively setting.

23.     Plaintiff Harry Buffalo Orlando is located in downtown Orlando, Florida.   Harry Buffalo is a restaurant and sports bar chain serving new American fare, bison burgers, and more in a lively setting.

24.     Plaintiff Highland Heights Harry Buffalo is located in Highland Heights, Ohio. Harry Buffalo is a restaurant and sports bar chain serving new American fare, bison burgers, and more in a lively setting.

25.     Plaintiff E.4th Harry Buffalo is located in Cleveland's East Fourth District.   Harry Buffalo is a restaurant and sports bar chain serving new American fare, bison burgers, and more in a lively setting.

26.     Plaintiff Rebol is located in Cleveland's Public Square.   Rebol's mission is to create a new standard of wellness by providing functional nutrition that improves the customer's quality of life.   Rebol offers dine in and carry out food service.

27.     Plaintiff Star Grill is a Harry Buffalo located in Midway Mall, Elyria, Ohio. Harry Buffalo is a restaurant and sports bar chain serving new American fare, bison burgers, and more in a lively setting.

28.     Plaintiff The Other Bar is located in Orlando, Florida.   The Other Bar is a night club that offers food and other attractions such as live comedians.

29.     Plaintiff Summer House is located in Cleveland's Gold Coast.  Summer House has set a new standard for scratch-made food, smooth drinks, and good vibes.  Summer House has a full-service bar and its restaurant combines creative, shareable plates with fresh, modern twists on favorite standard entrees.

30.     Plaintiff Town Hall Rooftop is located in the Short North.  Town Hall Rooftop is the healthiest restaurant in the country.  Town Hall Rooftop offers health-conscious fare, homemade juices, and a full-service bar offering craft beers.

31.     Plaintiff Westerville Harry Buffalo is located in Westerville, Ohio.  Harry Buffalo is a restaurant and sports bar chain serving new American fare, bison burgers, and more in a lively setting.

32.     The United States Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build, and grow businesses.

33.     Defendant Guzman is the Administrator of the SBA and oversees its operations.  Defendant Guzman is sued in her official capacity.

34.     Defendant Miller is the Deputy Associate Administrator for Capital Access for the SBA.  The Office of Capital Access is responsible for the operation development of policy for the SBA's business loan programs authorized under the Small Business Act and the RRF program authorized under the ARPA, among others.  Defendant Miller is sued in his official capacity.

## THE RESTAURANT REVITALIZATION FUND

35.     The American Rescue Plan Act of 2021 established the Restaurant Revitalization Fund to provide financial assistance to restaurants and other eligible businesses to help them pay expenses related to the COVID-19 pandemic.  Pub. L. No. 117-2, § 5003(b)(2)(A), 135 Stat. 4 (Mar. 11, 2021); 15 U.S.C. § 9009c.

36.    ARPA appropriated $28.6 billion for the RRF and provided those funds to remain available until expended through RRF awards.  15 U.S.C. 9009c(b)(2)(A).

37.    RRF grants may be used during the statutorily "covered period" to pay specified expenses incurred as a direct result of or during the COVID-19 pandemic, e.g., payroll costs, mortgage or rent payments, and utilities. *Id.* § 9009c(c)(5). The "covered period" is defined as February 15, 2020 until December 31, 2021, or a later date determined by Defendant Guzman not more than two years after the enactment of ARPA. *Id.* § 9009c(a)(3).  Defendant Guzman extended the covered period to March 11, 2023. *See* SBA, *SBA Administrator Guzman Announces Application Opening for $28.6 Billion Restaurant Revitalization* (Press Release 21-33,  Apr.  21,  2021),  https://www.sba.gov/article/2021/apr/27/sba-administrator-guzman-announces-application-opening-286-billion-restaurant-revitalization-fund.

38.    An eligible entity may receive an RRF award equal to its pandemic-related revenue loss, up to a maximum aggregate amount of $10 million with no more than $5 million per physical location. 15 U.S.C. § 9009c(c)(4)(A).

39.    ARPA defines "eligible entity" to mean restaurants, food stands, and other establishments "in which the public or patrons assemble for the primary purpose of being served food or drink." *Id.* § 5003(a)(4)(A).

40.    ARPA provides that to apply for an RRF award, an eligible entity must make "a good faith certification that (i) the uncertainty of current economic conditions makes necessary the grant request to support the ongoing operations of the eligible entity; and (ii) the eligible entity has not applied for or received a grant under [the Shuttered Venue Operators Grant program]." 15 U.S.C. § 9009c(c)(2)(A); *accord* SBA, *Restaurant Revitalization Funding Program Guide* at 6.

41.     ARPA directed the SBA to award RRF grants during the first 21 days of the program to eligible entities in priority groups (small business concerns owned and controlled by women, veterans, or socially or economically disadvantaged individuals). 15 U.S.C. § 9009c(c)(3).

42.     After the initial 21-day period, the statute mandates that "the Administrator shall award grants to eligible entities in the order in which applications are received by the Administrator." Pub. L. No. 117-2. § 5003(c)(1).

43.     The Court of Appeals for the Sixth Circuit and the Northern District of Texas found the SBA's prioritization of applications based on race and sex to be unconstitutional and issued preliminary orders precluding the SBA from applying those priorities. *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021); *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638 (N.D. Tex. 2021); Order, *Blessed Cajuns, LLC v. Guzman*, No. 4:21-cv-00677 (N.D. Tex. May 28, 2021).

44.     The SBA began accepting applications for RRF awards on May 3, 2021. SBA Press Release 21-33. It closed the application period on May 24, 2021. SBA, *Last Call: Administrator Guzman Announces Final Push for Restaurant Revitalization Fund Applications* (Press Release 21-38, May 28, 2021), https://www.sba.gov/article/2021/may/18/last-call-administrator-guzman-announces-final-push-restaurant-revitalization-fund-applications.

45.     Plaintiffs submitted their completed applications within the first few minutes after the RRF began accepting applications on May 3, 2021, but they never had their applications approved by the SBA.

46.     On June 30, 2021, the SBA announced that all funds under RRF had been exhausted and closed the RRF program.

## THE JULY 2022 GAO REPORT

47.     As set forth above, the July 2022 GAO Report provided notice that as of June 2022, $180 million of appropriations for RRF awards was unobligated. *Restaurant Revitalization Fund: Opportunities Exist to Improve Oversight,* htttps://www.gao.gov/assets/gao-22-105442.pdf.

48.     As set forth in paragraphs 5 to 11 of this Second Amended Complaint, the GAO reported a number of deficiencies with the SBA's administration, and pre and post award controls for RRF grants.  Specifically, because the SBA did not have the proper policies and procedures in place, RRF grants were distributed to: (i) recipients who used stolen identities or false information to obtain their RRF grants; and (ii) recipients who were ineligible under the program's guidelines.

49.     Further the SBA has no polices or procedures in place to recover funds from: (i) recipients who are no longer operating but have RRF grant money remaining; and (ii) recipients who failed to meet the annual reporting deadlines.

50.     Without the Defendants developing and implementing policies to cure the deficiencies with pre and post award controls, a significant increased risk exists for continuing to distribute awards to fraudulent and ineligible applicants with the remaining program funding.

51.     Additionally, enforcing the provisions explicitly set forth in ARPA regarding the return of unused funds in certain situations, and the SBA promptly taking action to account for funds disbursed to businesses flagged for fraud or ineligibility, would significantly increase the amount of funds returned and able to disbursed to eligible businesses.

**PLAINTIFFS' RRF APPLICATIONS**

52.     On May 3, 2021, the first day RRF applications were accepted, and within the first few minutes that applications were accepted, Plaintiffs applied for RRF awards through the SBA's application portal.

53.     On its applications, the Plaintiffs certified that they operated restaurants, provided additional information requested to demonstrate their eligibility, certified that they needed an RRF award because of their current economic uncertainty, would use the funds for statutorily covered uses, and certified they neither had applied for nor received a Shuttered Venue Operators Grant.  As with other bars and restaurants, Plaintiffs' operations suffered greatly during the COVID-19 pandemic.

54.     Upon information and belief, while the SBA continued to review Plaintiffs' applications, the SBA awarded RRF grants to entities that submitted RRF applications after Plaintiffs.

55.     To date, Plaintiffs' applications remain in "Under Review" status in the SBA's system.

56.     Because of the Defendants' failure to abide by the explicit provisions of ARPA, award RRF grants constitutionally and in accordance with ARPA, develop and implement policies to effectuate the return of RRF funds when required, Plaintiffs have causes of action under the APA.

**COUNT I - VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT: AGENCY ACTION CONTRARY TO LAW**

**(Failure to Comply with 15 USC 9009c(c)(1) – Distribution schematic)**

57.     Plaintiffs incorporate paragraphs 1 through 56 of the Complaint as if fully rewritten.

58.    The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

59.    The APA provides that "final agency action for which there is no adequate remedy in a court" is "subject to judicial review."  *Id.* § 704.

60.    The APA authorizes the Court to "(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions of law found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law…" 5 U.S.C. § 706(1)(2)(A)-(D).

61.    ARPA mandates that the SBA must award grants eligible to applicants in the order in which applications were received by Defendants Guzman and Miller.  15 U.S.C. § 9009c(c)(1).

62.    The SBA closing the RRF and portal constitutes a final action.

63.    The GAO July 2022 Report provided that only 14% of applicants who applied the first day went unfunded.  Further, noting that most applicants who did not receive funding did not apply on the first day.  The Plaintiffs did not apply late in the day, but rather applied within the first few minutes of the SBA accepting applications.  Nonetheless, none of the Plaintiffs received RRF grant funding.

64.    On information and belief, the Defendants have not prioritized resolution of the Plaintiffs' eligibility so as to comply with the statutory mandate that RRF grants be awarded to eligible entities in the order which applications were received.  The Defendants' failure to

distribute RRF grants in accordance with the order in which they have been received has and continues to prejudice the Plaintiffs.

65.    On information and belief, the Defendants have instead awarded RRF grants to entities whose applications were received after the Plaintiffs' applications.

66.    The Defendants should be compelled to (i) determine the Plaintiffs' eligibility for RRF awards; and (ii) award Plaintiffs the RRF grants for which they applied, according to the order in which they applied.

### COUNT II - VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT: AGENCY ACTION CONTRARY TO LAW

**(Failure to Comply with 15 USC § 9009c(c)(6) and RRF program guidance – Enforcement for the Return of RRF Grants)**

67.    Plaintiffs incorporate paragraphs 1 through 66 of the Complaint as if fully rewritten.

68.    ARPA and RRF program guidance provides that unused RRF grants shall be returned to the Treasury by: (i) RRF grant recipients who are no longer operating and retain RRF grants; (ii) RRF grant recipients who do not use the funds for eligible expenses; and (iii) RRF grant recipients who fail to meet the annual reporting deadlines.  15 U.S.C. § 9009c(c)(6) and RRF program guidance.

69.    By the Defendants failing to enforce the statute and recover RRF grants in specified circumstances, harms the Plaintiffs who applied in the first few minutes of the SBA accepting applications, and based upon the reported percentage of first day applicants who received funding, should be awarded those dollars.

70.    The Defendants should be compelled to: (i) enforce the provisions of ARPA that mandate RRF grants funds be returned in specified circumstances to the Treasury; and (ii)

award Plaintiffs the RRF grants for which they applied, according to the order in which they applied.

## COUNT III - VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT: ARBITRARY AND CAPRICIOUS AGENCY ACTION

### (Failure to develop and implement policies for the return of RRF grants)

71.     Plaintiffs incorporate paragraphs 1 through 70 of the Complaint as if fully rewritten.

72.     The GAO has identified deficiencies with the SBA's pre and post award controls and set forth itemized recommendations for future RRF distributions.

73.     Here, applications for the RRF program far exceeded the allotted congressional funding of $28.6 billion.  Any recoupment or return of RRF grants to the SBA or Treasury would allow for future distributions to RRF applicants, in addition to the $180 million of unobligated funds.

74.     The SBA has failed to develop and implement policies and procedures to address and recover RRF grants awarded to the following: (i) recipients who used stolen identities or false information to obtain their RRF grants; (ii) recipients who were ineligible under the program's guidelines; (iii) recipients who are no longer operating and retain RRF grants; and (iv) recipients who failed to meet the annual reporting deadlines is arbitrary and capricious and in violation of the law.

75.     The SBA has a statutory duty to implement the provisions of the statute that provide for the return of grant money awarded to entities that should not have been awarded in first place.

76.     Moreover, the SBA has a statutory duty to assess the RRF program and take steps to address deficiencies, and reduce the risk of making awards to ineligible or fraudulent applicants with the remaining program funding.

77.     The Plaintiffs will be prejudiced and irreparably harmed, if the SBA continues to fail to enforce the provisions of ARPA, and not have policies and procedures in place to recover RRF grants funds from fraudulent and ineligible businesses.

78.     The Defendants should be compelled to: (i) develop and implement policies for the return of grant funds from those who procured them fraudulently or are otherwise ineligible; and (ii) use the returned funds to award eligible RRF grant recipients in the order in which they applied.

## COUNT IV - VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT: ARBITRARY AND CAPRICIOUS AGENCY ACTION

### (Failure to Publicly Disclose Methodology and Distribution Schematic)

79.     Plaintiffs incorporate paragraphs 1 through 78 of the Complaint as if fully rewritten.

80.     The APA requires an agency's decision to be the product of reasoned decision making, which includes examining relevant information and making a rational connection between the data and agency's action.

81.     The APA authorizes the Court to compel agency action unlawfully withheld or unreasonably delayed.

82.     On May 27, 2021, the Court of Appeals for the Sixth Circuit in *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021), held that the SBA's previous RRF award distributions giving priority to women-owned and minority-owned businesses was unconstitutional.

83.     The SBA has reported that it has distributed approximately $17 billion in grant awards to women and minority owned businesses.  Upon information and belief, the majority of the $17 billion in grant awards was distributed in accordance with the unconstitutional distribution scheme and for which there is no ability to recoup those funds.

84.     In July 2022, the GAO stated that, as of June 2022, $180 million of appropriations for RRF awards was unobligated. *Restaurant Revitalization Fund: Opportunities Exist to Improve Oversight*, https://www.gao.gov/assets/gao-22-105442.pdf.

85.     Additionally, the GAO reported that several thousand award recipients had been flagged for suspected fraud, in addition to ineligible entities receiving RRF grants.  This resulted in the GAO making several recommendations to the SBA to help remedy the fraudulent activity and other errors with the SBA's pre and post distribution of RRF awards.  *Id.*

86.     The GAO's oversight and recommendations to the SBA may result in RRF grants that were previously distributed being collected and/or returned to the SBA or Treasury.

87.     The collection and/or return of previously distributed RRF grants could result in additional RRF grant distributions to eligible RRF applicants.

88.     The Defendants have a statutory responsibility to administer RRF awards and be a proper steward of taxpayer dollars.

89.     A public interest exists for the SBA to disclose information that would aid transparency, fairness, understanding and oversight of its methodology and disbursements for future RRF awards.

90.     The Defendants failure to publicly disclose its methodology and plan for future RRF award distributions, including distributing the $180 million, in light of the Sixth Circuit

decision along with discrepancies reported by the GAO is arbitrary and capricious and in violation of the law.

91.    The Plaintiffs not only have an interest, but will be prejudiced and irreparably harmed, if the SBA continues not to disclose information and its methodology for future RRF distributions.

92.    The Defendants should be compelled to: (i) publicly disclose the revised distribution criteria; and (ii) the methodology for determining the order of distribution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and relief against Defendants as follows:

1.    Enter an order compelling Defendants to: (i) determine Plaintiffs' eligibility, and (ii) award Plaintiffs the RRF grants for which they applied, according to the order in which they applied;

2.    Enter an order compelling the Defendants to: (i) enforce provisions of ARPA that mandate RRF grant funds in specified circumstances be returned to the Treasury; and (ii) use the returned funds to award eligible RRF grant recipients in the order in which they applied.

3.    Enter an order compelling Defendants to: (i) develop and implement policies for the return of grant funds from those who procured them fraudulently or are otherwise ineligible; and (ii) use the returned funds to award eligible RRF grant recipients in the order in which they applied.

4.    Enter an order compelling Defendants to: (i) disclose publicly the revised distribution criteria; and (ii) the methodology for determining order of distribution.

5.    Award Plaintiffs' costs and attorneys' fees; and

6.    Award all other relief that the Court may deem just, proper, or equitable, including but not limited to reformation of the processing, approval, and/or payment protocols of the SBA to conform to the constitutional and statutory requirements.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

Edward W. Hastie, Esq. (0079438)
1258 Grandview Avenue, Suite B
Columbus, Ohio 43212
Phone: (614) 488-2800
ed@hastielegal.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of October 2022, the foregoing was filed through the Court's CM/ECF electronic filing system.  If a Party should not receive a copy through the Court's filing system, a copy of the forgoing will be sent via email upon Plaintiff's counsel of record.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Plaintiffs*